**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **AWP, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:16-CV-332 (TSE/MSN)** |
| ) | |
| **SJK SERVICES LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF DEFENDANT DAVID S. RICE

Comes Now the Defendant, David S. Rice ("Defendant" or "Rice"), and in response to the Amended Complaint (hereinafter, "Complaint"), answers as follows:

## RESPONSE TO NUMBERED PARAGRAPHS

1.      The allegations contained in Paragraph 1 of the Complaint purport to describe Plaintiff's claims and motivation for filing suit and are otherwise legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

2.      Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the allegations.

3.      In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that SJK Services LLC is a Virginia limited liability company with its principal place of business at 1632 Autumnwood Drive in Reston, Virginia.  Defendant denies all other allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

6.      Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the allegations.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

10.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that AWP offers traffic control and other services throughout much of the United States and has several offices.  Defendant lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint and therefore denies the allegations.

12.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the allegations.

13.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the allegations.

14.     In response to the allegations contained in Paragraph 14 of the Complaint, Defendant admits that he executed an agreement titled "Confidentiality, Non-Competition and Non-Solicitation Agreement."  Defendant lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies the allegations.

15.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the allegations.

16.     In response to the allegations contained in Paragraph 16 of the Complaint, Defendant admits that he executed an agreement titled "Confidentiality, Non-Competition and Non-Solicitation Agreement."  Defendant lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies the allegations.

17.     In response to the allegations contained in Paragraph 17 of the Complaint, Defendant admits that he began employment on or about May 21, 2010.  Defendant further admits that he was eventually promoted to the position of facility manager and that in that position he had some of the duties identified in Paragraph 17.  Defendant denies the remaining allegations in Paragraph 17.

18.     In response to the allegations contained in Paragraph 18 of the Complaint, Defendant admits that he worked for AWP primarily out of the Residency Road office during approximately the final 18 months of his employment.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     With regard to the allegations contained in Paragraph 21 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 21 of the Complaint.

22.     With regard to the allegations contained in Paragraph 22 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 22 of the Complaint.

23.     With regard to the allegations contained in Paragraph 23 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 23 of the Complaint.

24.     With regard to the allegations contained in Paragraph 24 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the allegations.

28.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the allegations.

29.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies the allegations.

30.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies the allegations.

31.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies the allegations.

32.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the allegations.

33.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the allegations.

34.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the allegations.

35.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore denies the allegations.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

38.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies the allegations.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant admits the allegations contained in Paragraph 41 of the Complaint on information and belief.

42.     Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, Defendant admits that AWP terminated his employment on or about December 4, 2015, and that today he is employed by SJK Services LLC.  Defendant denies all other allegations contained in Paragraph 43 of the Complaint.

44.     Defendant admits the allegations contained Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     In response to the allegations contained in Paragraph 46 of the Complaint, Defendant admits that three former AWP employees have performed services for SJK Services. Defendant lacks information sufficient to admit or deny what, if anything, these employees verbally represented to AWP and therefore denies the allegations.  Defendant denies all other allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 48 of the Complaint, except that Defendant admits that it has provided certain traffic control services to certain of its clients.

50.     In response to the allegations contained in Paragraph 50 of the Complaint, Defendant admits that SJK Services provides certain special event and traffic control services. Defendant denies all other allegations contained in Paragraph 50 of the Complaint.

51.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies the allegations.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## Count I

54.     In response to the allegations contained in Paragraph 54 of the Complaint, Defendant incorporates and re-states each of its foregoing responses.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## Count II

61.     In response to the allegations contained in Paragraph 61 of the Complaint, Defendant incorporates and re-states each of its foregoing responses.

62.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore denies the allegations.

63.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint and therefore denies the allegations.

64.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint and therefore denies the allegations.

65.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint and therefore denies the allegations.

66.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint and therefore denies the allegations.

67.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint and therefore denies the allegations.

## Count III

68.     In response to the allegations contained in Paragraph 68 of the Complaint, Defendant incorporates and re-states each of its foregoing responses.

69.     With regard to the allegations contained in Paragraph 69 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 69 of the Complaint.

70.     With regard to the allegations contained in Paragraph 70 of the Complaint, Defendant states that the referenced documents speak for themselves, and Defendant denies any erroneous, misleading, and/or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 70 of the Complaint.

71.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint and therefore denies the allegations.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

## Count IV

79.     In response to the allegations contained in Paragraph 79 of the Complaint, Defendant incorporates and re-states each of its foregoing responses.

80.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 80 of the Complaint and therefore denies the allegations.

81.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 81 of the Complaint and therefore denies the allegations.

82.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint and therefore denies the allegations.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

## Count V

87.     In response to the allegations contained in Paragraph 87 of the Complaint, Defendant incorporates and re-states each of its foregoing responses.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     All allegations not specifically admitted, denied, or otherwise addressed herein are denied.

94.     Defendant denies that he has engaged in any unlawful conduct and further denies that Plaintiff is entitled to any relief of any kind.

## OTHER DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     The contractual obligations Plaintiff seeks to enforce against Defendant are not enforceable.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

5.     Plaintiff's claims are barred, in whole or in part, because the Defendants actions are privileged and/or justified as ordinary competition.

6.     Plaintiff's claims are barred, in whole or in part, because enforcement and/or modification of Defendant's contractual obligations violates the public policy of Virginia.

7.     Plaintiff's claims are barred, in whole or in part, because the damages alleged were not proximately caused by the actions or omissions of Defendant and/or were proximately caused by Plaintiff's own business practices.

8.     Plaintiff may not recover the damages it seeks because at no time did Defendant act with malice.

9.     Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

Defendant reserves the right to raise additional equitable or other defenses upon further investigation and discovery.

Wherefore, the Defendant respectfully requests that the Complaint and all relief requested therein be denied and that the Defendant be awarded his costs and attorneys' fees.

Dated:  June 22, 2016

By: ___/s/ Michael J. Lorenger_____
Michael J. Lorenger (Va. Bar #38910)
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1808 – Phone
(703) 684-1805 – Fax
mlorenger@lorengercarnell.com

Counsel for Defendant David Samuel Rice

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 22nd day of June, 2016, I filed the foregoing ANSWER OF

DEFENDANT DAVID S. RICE with the Court's electronic filing system, which will effect

notice on counsel of record:

> Bernard Joseph DiMuro
> DiMuroGinsberg PC
> 1101 King Street
> Suite 610
> Alexandria, VA 22314-2956
> Phone: (703) 684-4333
> Fax: (703) 548-3181
>
> Robert P. Ducatman
> Jeffrey Saks
> Candice Reder
> Jones Day
> North Point
> 901 Lakeside Avenue
> Cleveland, OH 44114
> Phone: (216) 586-3939
> Fax: (216) 579-0212

I also delivered a copy by email and regular First-Class Mail, postage pre-paid, to
Defendant Shawn Watkins, pro se, at the following address:

> 65 Donaldsburg Lane
> Fairfield, VA  24435

> /s/ Michael J. Lorenger
> Michael J. Lorenger