IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
-Alexandria Division-

| | |
|---|---|
| AWP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-332 |
| ) | |
| SJK SERVICES, LLC ) | |
| DAVID SAMUEL RICE ) | |
| KEITH FRANCIS DOWLING ) | |
| SHAWN WATKINS ) | |
| ) | |
| Defendants, ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants SJK Services, LLC ("SJK") and Keith Francis Dowling ("Dowling"), by counsel, and submit their Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") served upon them by Plaintiff AWP, Inc. ("AWP") as follows:

### NATURE OF THE ACTION

1. The nature of the action(s) and the allegations of Paragraph 1 of the Complaint speak for themselves. To the extent Paragraph 1 of the Complaint alleges that these Defendants committed unlawful acts, including breach of contract, misappropriation of trade secrets, unfair competition, tortious interference with contract, and conspiracy to injure another in business, these allegations are denied and Defendants demand strict proof thereof.

### PARTIES

2. The allegations of Paragraph 2 of the Complaint are admitted.

3. The allegations of Paragraph 3 of the Complaint are admitted.

1

4. The allegations of Paragraph 4 of the Complaint are admitted.

5. The allegations of Paragraph 5 of the Complaint are admitted.

6. The allegations of Paragraph 6 of the Complaint are not known to these Defendants and therefore must be denied.

## JURISDICTION AND VENUE

7. The allegations of Paragraph 7 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. These Defendants admitted that these Defendants reside within this District or the Commonwealth of Virginia, and maintain a place of business in this District and derive revenue from goods used or consumed or services rendered in the Commonwealth of Virginia. All other allegations of Paragraph 8 call for legal conclusions to which no response is required. To the extend a further response is required, the other allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

**The Business of AWP:**

10. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

11. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 11 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

12. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 12 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

13. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 13 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

14. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 14 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

15. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 15 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

16. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 16 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

**Defendant Sammy Rice:**

17. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 17 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

18. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 18 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

19. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 19 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

20. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 20 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

21. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 21 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

22. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 22 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

23. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 23 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

24. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 24 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

25. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 25 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

26. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 26 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

**Defendant Shawn Watkins:**

27. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 27 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

28. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 28 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

29. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 29 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

30. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 30 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

31. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 31 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

32. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 32 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

33. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 33 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

34. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 34 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

35. The allegations of Paragraph 35 of the Complaint are denied as Watkins is not now nor has he previously worked with or for SJK.

**Defendant Keith Francis Dowling and the Creation of SJK to Compete with AWP:**

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are admitted.

42. The allegations of Paragraph 42 of the Complaint are admitted.

43. The allegations of Paragraph 43 of the Complaint are denied to the extent that it is alleged that Rice assisted in the creation of SJK.

44. The allegations of Paragraph 44 of the Complaint are admitted.

45. The allegations of Paragraph 45 of the Complaint are denied.

46. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 46 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

47. The allegations of Paragraph 47 of the Complaint are denied.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 49 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

50. The allegations of Paragraph 36 of the Complaint are admitted to the extent that it is admitted that SJK provides special event and traffic control services. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 50 of the Complaint that allege such services are in direct competition with AWP and these Defendants call for strict proof thereof. To the extent a response is required that SJK is in direct competition with AWP, the allegations are denied.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. The allegations of Paragraph 53 of the Complaint are denied.

**Breach of Contract (Rice):**

54. These Defendants incorporate herein by reference their responses to Paragraph 1 through 53 of the Complaint.

55. The allegations of Paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. The allegations of Paragraph 56 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57. The allegations of Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58. The allegations of Paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. The allegations of Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. The allegations of Paragraph 60 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**Breach of Contract (Watkins):**

61. These Defendants incorporate herein by reference their responses to Paragraph 1 through 60 of the Complaint.

62. The allegations of Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

63. The allegations of Paragraph 63 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

64. The allegations of Paragraph 64 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65. The allegations of Paragraph 65 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

66. The allegations of Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67. The allegations of Paragraph 67 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**Tortious Interference with Contract (SJK and Dowling):**

68. These Defendants incorporate herein by reference their responses to Paragraph 1 through 67 of the Complaint.

69. The Rice Agreement referenced in Paragraph 69 of the Complaint speaks for itself. To the extent a response is required and to the extent any allegation in such paragraph is inconsistent with the Rice Agreement, such allegations are denied. To the extent a further response is required, the allegations are denied.

70. The Rice Agreement and the Watkins Agreement referenced in Paragraph 70 of the Complaint speak for themselves. To the extent a response is required and to the extent any allegation in such paragraph is inconsistent with the Rice Agreement or the Watkins Agreement, such allegations are denied. To the extent a further response is required, the allegations are denied.

71. The allegations of Paragraph 71 of the Complaint are denied.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint are denied.

74. The allegations of Paragraph 74 of the Complaint are denied.

75. The allegations of Paragraph 75 of the Complaint are denied.

76. The allegations of Paragraph 76 of the Complaint are denied.

77. The allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

**Misappropriation of Trade Secrets, Va. Code §59.1-336 to §59.1-343 (All Defendants)**

79. These Defendants incorporate herein by reference their responses to Paragraph 1 through 78 of the Complaint.

80. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 80 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

81. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 81 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

82. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 82 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

83. The allegations of Paragraph 83 of the Complaint are denied.

84. These Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 84 of the Complaint and call for strict proof thereof. To the extent a response is required, the allegations are denied.

85. The allegations of Paragraph 85 of the Complaint are denied.

86. The allegations of Paragraph 86 of the Complaint are denied.

**Conspiracy to Injure in Trade, Business or Profession, Virginia Code §18.2-499 and §18.2-500 (All Defendants)**

87. These Defendants incorporate herein by reference their responses to Paragraph 1 through 87 of the Complaint.

88. The allegations of Paragraph 88 of the Complaint are denied.

89. The allegations of Paragraph 89 of the Complaint are denied.

90. The allegations of Paragraph 90 of the Complaint are denied.

91. The allegations of Paragraph 91 of the Complaint are denied.

92. The allegations of Paragraph 92 of the Complaint are denied.

WHEREFORE, having fully answered the Complaint filed against them by AWP, Inc., SJK Services, LLC and Keith Francis Dowling, request that this Court dismiss the Complaint and deny all relief sought by AWP, Inc.

## DEFENSES

Defendants, SJK Services, LLC and Keith Francis Dowling, assert, without prejudice to their right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

1. This Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact or in law.

2. Plaintiff's claims are barred in whole or in part, by the doctrine of waiver, estoppels, unclean hands.

3. At all times, these Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

4. Plaintiff's claims are barred, in whole or in part, the contracts Plaintiff seeks to enforce are unenforceable restraints on trade, overly broad and against public policy.

5. Plaintiff's claims for damages are barred or reduced by its failure to mitigate its alleged damages.

6. Plaintiff's claims are barred, in whole or in part, as Plaintiff cannot prove it suffered damages as a result of any breach by these Defendants of any valid contract.

7. Plaintiff's claims are barred, in whole or in part, as the actions by these Defendants are not unlawful or malicious, and are thus permitted by law.

8. All of the actions taken by these Defendants were based on legitimate business reasons or practices.

9. Plaintiff's claims are barred and any recovery of damages is precluded or limited because these Defendants owed no contractual duty or duty of care to the Plaintiff.

10. To the extent any other Defendant may have engaged in any conduct described in the Complaint, such actions were outside the scope of employment and were contrary to the policies and directives of these Defendants and were not done in the furtherance of the business of the Defendants.

11. Plaintiff's claims are barred, in whole or in part, by the intra-corporate conspiracy doctrine.

12. Because no discovery has yet occurred in this action and the investigation into the matter is still underway, these Defendants reserve the right to assert other defenses as appropriate.

Dated: June 24, 2016

By: /s/ *James M. Stewart, Jr.*
James M. Stewart, Jr. (Va. Bar #14444)
4041 University Drive, Suite 301
Fairfax, Virginia 22030
Telephone: (540) 539-4993
Facsimile: (540)678-5595
Email: jmstewart2@comcast.net

Counsel for SJK Services, LLC and
Keith Francis Dowling

### CERTIFICATE OF SERVICE

I hereby certify that on the 2[4th] day of June, 2016, I filed the foregoing Answer with the Court's electronic filing system, which will effect notice on counsel of record:

Bernard Joseph DiMuro, Esquire
DiMuroGinsberg PC.
1101 King Street, Suite 610
Alexandria, Virginia 22314-2956
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

Robert P. Ducatman, Esquire
Jeffrey Saks, Esquire
Candice Reder, Esquire
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

I also delivered a copy by regular first-class mail, postage prepaid, to the Defendant, Shawn Watkins, a *pro se* litigant, at 65 Donaldson Lane, Fairfield, Virginia 24435.

/s/ *James M. Stewart, Jr.*
James M. Stewart, Jr.

13