IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AWP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16cv332 |
| | ) | |
| SJK SERVICES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RULE 26(F) JOINT PROPOSED DISCOVERY PLAN

Plaintiff AWP, Inc. and Defendants SJK Services LLC, David Samuel Rice and Keith Francis Dowling (collectively, "Defendants") respectfully submit the following Rule 26(f) Joint Discovery Plan in accordance with this Court's Scheduling Order dated June 16, 2016. Pro se defendant, Shawn Watkins, has been sent the initial draft of this proposed discovery plan and edits made by others (all of which have been agreed to by the Defendants) but Mr. Watkins has yet to approve this plan or offer edits.

## I.    Conference of the Parties

The Plaintiff and the Defendants (collectively, the "Parties") have conferred to consider the claims, defenses, possibility of a prompt settlement, trial before a magistrate judge, and to arrange for the disclosures required by Rule 26(a)(1).

## II.   Initial Disclosures

The Parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged on or before July 27, 2016.

### III.   Service of Pleadings and Papers

All pleadings, motions, and other papers filed with the Court shall be served through the Court's ECF system and should be treated, as stated in the Court's Electronic Case Filing Policies and Procedures, as being served by mail.   The Parties agree to serve all discovery requests, objections, and responses by email, except that copies of documents (regardless of format) may be served under separate cover by First Class Mail.

### IV.   Joinder and Amendment

At this time, the Parties cannot determine without certain discovery whether any amendments of the pleadings or joinder of additional parties will be required.   Leave of Court shall be required for any further amendments or joinder.

### V.   Settlement Potential

Thus far, Plaintiff has engaged in limited settlement discussions with Defendant Rice. The Plaintiff believes that settlement discussions might be productive after certain discovery has been conducted.

### VI.   Magistrate Judge

The Parties have conferred and do not agree to try this matter in front of a United States Magistrate Judge.

### VII.   Depositions

**A.     Fact Depositions**.   The Parties reserve the right to seek leave of Court to take more than five (5) non-party, non-expert depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A) and this Court's Scheduling Order dated June 16, 2016.

**B.     Rule 30(b)(6) Depositions.**   The Parties agree to give each other at least twenty (20) days advance notice for any deposition to be taken pursuant to Fed. R. Civ. P. 30(b)(6) together

with the identification of any topics for such deposition.   If multiple witnesses will be presented by a Party in order to respond to a Fed. R. Civ. P. 30(b)(6) deposition, the responding Party agrees to identify each responding witness and the topics on which the witness will be testifying at least five (5) days prior to the deposition.

## VIII.   Interrogatories

The Parties do not anticipate they will need to serve more than thirty (30) interrogatories per party, including parts and subparts.

## IX.   Document Production

The Parties agree to the production of documents and things (including electronically stored information ("ESI")), pursuant to the time frame and methods set forth in Fed. R. Civ. P. 26 and 34 and the Local Civil Rules of this Court.   The Parties agree that they will serve their final rounds of written discovery requests no later than September 9, 2016, so that all information responsive to those requests will be produced and any disputes concerning the adequacy of discovery responses resolved before the close of discovery on October 14, 2016.

A.     **Third-Party Materials.**   The Parties shall promptly provide to each other, or make available to counsel, all materials obtained from third parties pursuant to Fed. R. Civ. P. 45.

## X.   Meet and Confer Conferences

The Parties agree that any meet and confer conferences will be held pursuant to Local Civil Rule 7.

## XI.   Privilege Issues

The inadvertent production of documents or other material subject to the attorney-client privilege, work-product protection, or any other privilege or immunity does not constitute a

waiver.   Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents.   The Receiving Party must promptly return or confirm destruction of all copies of such materials but doing so shall neither preclude the Receiving Party from seeking to compel production of those materials nor constitute an admission that the materials were in fact privileged.   The Producing Party must preserve any such documents.

A.    **Privilege Log.**   The Parties agree to make a good-faith effort to provide a privilege log within a reasonable amount of time from service of documents responsive to document requests.   The Parties agree that privileged communications and protected documents sent or created on or after March 24, 2016, the date the Plaintiff filed its Complaint, may be omitted from the privilege log.   The attachments to such communications may also be omitted from the privilege log.

**XII.    Requests for Admissions**

The Parties agree that the exchange of written requests for admissions shall be conducted pursuant to Fed. R. Civ. P. 36.

**XIII.    Expert Witnesses**

The Parties agree to the following schedule for identification of expert witnesses in conformance with Local Civil Rule 26(D):

Plaintiff's Expert Report(s):   August 12, 2016.

Defendants' Expert Report(s):   September 14, 2016

Any Rebuttal Reports:   September 29, 2016

Depositions of any expert witness will take place after that expert's report has been served. The Parties agree to cooperate to ensure that depositions of retained experts are completed within the discovery deadline.

    **A.**     **Drafts and Counsel Communications with Experts.** The Parties agree that discovery of information regarding experts shall proceed in accordance with Fed. R. Civ. P. 26 and Local Civil Rule 26.

## XIV.   Electronically Stored Information

The Parties agree that electronically stored information produced in discovery, if any, may be delivered on digital media (such as a hard drive, thumb drive, CD, DVD, etc.), as attachments to e-mail, or via internet-based file transfer tools. The Parties agree that electronically stored information may be produced in native, TIFF, and/or PDF format. The Parties further agree that such electronically stored information must be produced in a format that allows for text searches to be conducted on individual documents and on the collection as a whole. In the event any party, after reviewing a document, determines that it would like the metadata of that document, it shall request the metadata in writing and, subject to objections of counsel to be resolved by the Court if raised, the metadata shall be promptly produced.

## XV.   Subpoenas

The Parties expressly reserve their rights to conduct additional discovery through the use of subpoenas, pursuant to Fed. R. Civ. P. 45, as revealed by each Party's investigation of, discovery in, and litigation of this case.

## XVI.   Completion of Discovery

The Parties understand that discovery must be completed by October 14, 2016, pursuant to this Court's Order dated June 16, 2016.

**XVII. <u>Summary Judgment</u>**

The Parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for summary judgment.

**XVIII. <u>Protective Order</u>**

The Parties agree that a Protective Order is necessary. Should the Parties be unable to agree to the form of such an order, they will promptly submit the issue to the Court.

**XIX. <u>Other Matters</u>**

A. **Dispositive Motions.** All dispositive motions shall be governed by Local Civil Rule 7.

B. **Motions *in Limine*.** The Parties agree that all motions to exclude experts or expert testimony, in whole or in part, and all motions *in limine*, shall be filed promptly prior to trial in time to be fully briefed and heard at least two weeks before the trial date.

C. **Witness List, Exhibits (Objections), and Stipulations.** These matters are addressed in this Court's Order dated June 16, 2016, which sets the Final Pretrial Conference for October 20, 2016, at 1:00 p.m. The Parties agree to exchange their witness lists and provide full copies, marked and tabbed, of their proposed trial exhibits at the time of the Final Pretrial Conference. Each Party shall file their objections to the other Party's witnesses and/or trial exhibits on or before October 31, 2016, per this Court's Order dated June 16, 2016.

D. **Modification.** A Party's agreement to the deadlines and limitations stated in this Joint Discovery Plan is without prejudice to its right to seek modification of the Plan and pretrial schedule pursuant to Fed. R. Civ. P. 16 and 26.

Dated:    July 6, 2016                    Respectfully submitted,

                                          /s/
                                          _____
                                          Bernard J. DiMuro, Esq.
                                          VSB 18784
                                          DiMuroGinsberg, P.C.
                                          1101 King Street, Suite 610
                                          Alexandria, Virginia 22314-2956
                                          Telephone: (703) 684-4333
                                          Facsimile: (703) 548-3181
                                          bdimuro@dimuro.com


                                          Robert P. Ducatman, Esq.*
                                          Jeffrey Saks, Esq.*
                                          Candice M. Reder, Esq.*
                                          Jones Day
                                          North Point
                                          901 Lakeside Avenue
                                          Cleveland, OH 44114-1190
                                          Telephone: (216) 586-3939
                                          Facsimile: (216) 579-0212
                                          rducatman@jonesday.com
                                          jsaks@jonesday.com
                                          creder@jonesday.com

                                          *Admitted Pro Hac Vice


                                          Counsel for Plaintiff AWP, Inc.


                                          /s/
                                          _____
                                          James M. Stewart, Jr., Esq.
                                          VSB 14444
                                          4041 University Drive, Suite 301
                                          Fairfax, VA 22030
                                          Telephone: (540) 539-4993
                                          Facsimile: (540) 678-5595
                                          jmstewart2@comcast.net

                                          Counsel for Defendants SJK Services, LLC and Keith
                                          Francis Dowling

/s/
Michael J. Lorenger
VSB 38910
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
Telephone: (703) 684-1808
Facsimile: (703) 684-1805
mlorgenger@lorengercarnell.com

*Counsel for Defendant David Samuel Rice*

Shawn Watkins
65 Donaldsburg Lane
Fairfield, VA 24435
Telephone: (540) 810-2670
swatkins@agstacker.com

*Defendant, pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2016, I electronically filed the foregoing with the Clerk's Office using the CM/ECF system, which will send a notification of such filing to counsel of record.

/s/_____
Bernard J. DiMuro, Esq.
VSB 18784
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, Virginia 22314-2956
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
bdimuro@dimuro.com